**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **WESLEY AND VANHDAO FLOWERS,** | **1:04-CV-6692 OWW LJO** |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER:** |
| v. | **(1) DENYING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT (Docs. 48 & 51); AND** |
| THE CITY OF FRESNO, et al., | |
| Defendants. | **(2) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. 57)** |

## I. INTRODUCTION

Defendants, the City of Fresno ("City"), the Redevelopment Agency of the City of Fresno ("RDA"), and the County of Fresno ("County"), move to dismiss the amended complaint of Wesley and Vanhdao Flowers ("Plaintiffs") for failure to timely file their second amended complaint in violation of this court's order, dated February 10, 2005.  Docs. 35, 48 & 51.  Plaintiffs, appearing *pro se*, filed oppositions to these motions on March 24, 2005 and March 29, 2005.  Docs. 49, 50 & 53.

Plaintiffs have also moved for "Judgment by Default" on April 15, 2005, on the ground that Defendants failed to timely file a responsive pleading.  Plaintiffs noticed this motion for hearing on April 25, 2005, the same date as the hearing on Defendants' motion to dismiss.  Defendants object on the grounds that Local Rule 78-230(b) requires motions to be set for hearing "not less than twenty eight (28) days after personal service and

1

filing of the motion...."  *See* Doc. 57, filed Apr. 20, 2005.

## II.  **BACKGROUND FACTS AND PROCEDURAL HISTORY**

Plaintiffs filed their initial complaint on December 13, 2004, alleging that Defendants violated their Fourth Amendment rights by improperly upholding a city building official's administrative abatement of conditions on their property.  Doc. 1.  Defendants moved to dismiss the complaint for failure to state a claim.  Docs. 28 & 30, filed Dec. 30, 2004.  On February 7, 2005, the parties appeared in court for oral argument, and Plaintiffs' complaint was dismissed with leave to amend.  During the hearing, Plaintiffs were informed that they would be served with a written order of dismissal and that if they wished to proceed they would have to file an amended complaint within twenty days of the date of service of that order.  On February 10, 2005, the court issued an order explaining the reasons for dismissing Plaintiff's complaint.  The Order stated:

> Plaintiffs are afforded one opportunity to amend the Complaint against the City of Fresno, the County of Fresno, the Redevelopment Agency, and any individual defendants.  Any amended complaint shall be filed <u>within twenty (20) days following service by the clerk of this decision</u> and shall be properly served in accordance with the requirements of law.

Doc. 35.  (Emphasis added).

Plaintiffs filed an Amended Complaint on March 17, 2005. Doc. 37.  That complaint is not a picture of clarity.  Their first cause of action appears to assert a claim under 41 U.S.C. § 1985 and the Fourth Amendment in connection with a nuisance abatement proceeding that may have involved a search of Plaintiffs' property.  Doc. 37 ¶¶ 9-18.  Plaintiffs' second cause

**2**

of action is even less clearly defined.  It appears to allege some kind of conspiracy on the part of housing code enforcement officials to violate Plaintiffs' constitutional rights through fraud and false statements.  *Id*. at ¶¶ 19-36.  Plaintiff's complaint also suggests that "Due Process" violations occurred in connection with a housing code enforcement hearing.  *Id*. at ¶¶ 37-43.  Plaintiffs mention numerous other provisions of law in an apparent attempt to state additional claims, but it is extremely difficult to discern any legal or factual basis for such claims.

### III.     STANDARD OF REVIEW

In deciding whether to grant a motion to dismiss, a court must "take all of the allegations of material fact stated in the complaint as true and construe them in the light most favorable to the nonmoving party." *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002).  A motion to dismiss for failure to state a claim is disfavored and rarely granted: "[a] complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted); *see also Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (stating that the issue is not whether plaintiff will ultimately prevail, but whether claimant is entitled to offer evidence to support the claim).

Courts have a "duty ... to construe *pro se* pleadings liberally." *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)).  The pleadings of *pro se* litigants are "held to less stringent standards than

1  formal pleadings drafted by lawyers." *Hughes*, 449 U.S. at 10
2  (quotation omitted).  However, "a liberal interpretation of a
3  [pro se] complaint may not supply essential elements of the claim
4  that were not initially pled." *Pena v. Gardner*, 976 F.2d 469,
5  471 (9th Cir. 1992).

## IV.  ANALYSIS

### A.  Dismissal under Rule 41(b) for failure to follow an order of the court.

Defendants assert that the Order, filed on February 10, 2005, required Plaintiffs to file the amended complaint by March 7, 2005, twenty business days later.  Plaintiffs filed their amended complaint on March 17, 2005.

The February 10, 2005 Order states that "[a]ny amended complaint shall be filed within twenty (20) days <u>following service by the clerk of this decision</u>."  Doc. 35. (Emphasis added).  Plaintiffs maintain that the courtroom deputy clerk failed to serve them with a copy of the Order.  Plaintiffs point out that no accompanying certificate of service was ever available or recorded as required by Local Rule 5-135.

Under the court's new electronic filing system, orders issued by the court are electronically served upon lawyers who have registered for electronic service.  The electronic system generates a dated "electronic document stamp" that provides definitive proof of electronic service *<u>for those who are electronically served</u>.*  Pro se parties, however, are served with copies of court orders via United States Mail.  For these parties, the electronic system simply generates a receipt that states "notice will be delivered by other means to" the pro se

**4**

party.  *See* Exhibit A.  The court's computer system keeps a record of every mailing that is actually sent out.  In this case, it appears that the deputy clerk docketed the February 10, 2005 order granting leave to amend, but never served the order by mail on Plaintiffs.

Plaintiffs assert that they did receive a copy of the minute order issued February 24, 2005,[1] which they assumed was the court's "written explanation" for granting Defendants' motions to dismiss.  Plaintiffs then prepared an amended complaint and filed it on March 17, 2005, "without an opportunity to review" the Order.  *See* Docs. 49 & 53.  Given that the first "written order" received by Plaintiff was the minute order, the 20 day filing period did not begin to run until February 24.  Allowing 3 days for mailing as is required under Federal Rules of Civil Procedure 6(e), Plaintiffs' filing was not due until Monday, March 21, 2005.  The second amended complaint was timely filed.

Even if Plaintiffs had filed their complaint late, Defendants are not necessarily entitled to dismissal.  Federal Rule of Civil Procedure 41(b) provides that a "defendant may move to dismiss an action" if the plaintiff fails to comply "with these rules or any order of court."  However, "[d]ismissal under Rule 41(b) is a sanction, to be imposed only in extreme circumstances."  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004).  "[I]n order for a court to dismiss a case as a

---

[1] The courtroom deputy entered a minute order on February 24, 2005 and modified it on February 25, 2005.  The minute order stated, "As plaintiff has been granted leave to file an amended complaint the scheduling conference is continued to 4/29/2005 at 08:45 AM in Courtroom 2 (OWW) before Judge Oliver W. Wanger."

**5**

sanction, the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). In this case, assuming for the sake of argument that Plaintiffs' complaint had been filed ten days late, such an inconsequential delay would not endanger the public's interest in the expeditious resolution of disputes, nor would it impede the court's ability to manage its busy docket. Moreover, Defendants have made absolutely no showing of prejudice.[2] The appropriate, less drastic alternative would be to allow Plaintiffs leave to amend out of time.

Accordingly, Defendants' Motions to dismiss Plaintiffs' second amended complaint is under Rule 41(b) is **DENIED**.

### B. MOTION FOR DEFAULT JUDGMENT

Plaintiffs move for judgment by default on the grounds that Defendants failed to timely file responsive pleadings. Plaintiffs are correct that Federal Rule of Civil Procedure 12 provides that a defendant must file an appropriate responsive pleading "within 20 days after being served with the summons and

---

[2] "In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). The Flowers' inadvertent delay in this case does not threaten the truth-seeking process. Rather, dismissal at this stage would interfere with the decision of the case on the merits.

complaint." Defendant may file an answer, see Rule 12(a)(1)(A), or any one of six types of motions to dismiss listed under Federal Rule of Civil Procedure 12(b). In this case, Defendants did not file an answer or any motion to dismiss under Rule 12(b). Instead they filed motions to dismiss under Federal Rule of Civil Procedure 41(b), which provides that "defendant may move for dismissal of an action or of any claim against the defendant." *But nothing in Rule 12 or Rule 41 provides that a motion under Rule 41(b) operates as a responsive pleading that satisfies Rule 12.* Defendants may have failed to file a timely answer.

However, Defendants object to Plaintiffs' motion for default because Plaintiffs filed the motion on April 15, 2005 and noticed it for a hearing on April 25, 2005. Local Rule 78-230(b) requires most motions to be set for hearing "not less than twenty eight (28) days after personal service and filing of the motion...." Plaintiffs failed to provide the requisite 28 day notice under this rule. In some cases, when a motion is already noticed for hearing, a party may file a "related" motion on a shortened time frame:

> Related or Counter-Motions. Any counter-motion or other motion that a party may desire to make that is related to the general subject matter of the original motion shall be served and filed with the Clerk *in the manner and on the date prescribed for the filing of opposition*....

Local Rule 78-230(e)(emphasis added). Oppositions "shall be filed with the Clerk not less than fourteen (14) days preceding the noticed hearing date." Local Rule 78-230(c). Plaintiff's opposition to Defendants' motion to dismiss was due on April 11, 2005 (14 days prior to the April 25, 2005 hearing date). Plaintiffs filed their motion for default judgment on April 15,

**7**

2005.  Even if this motion were considered a "related motion" under Local Rule 78-230(e), Plaintiffs failed to file it by the deadline for filing an opposition.

### V.  CONCLUSION

For the reasons stated above:

    (1)  Defendants' motions to dismiss are **DENIED**; and

    (2) Plaintiffs' motion for default judgment is **DENIED.**

The parties agreed at oral argument that Plaintiffs would be afforded ten (10) days from service of this written order to attach exhibits to their second amended complaint.  In turn, Defendants would have ten (10) additional days to file their response.

**SO ORDERED.**

Dated: May 3, 2005

                                      /s/ OLIVER W. WANGER

                                   _____
                                    **Oliver W. Wanger**
                       **UNITED STATES DISTRICT JUDGE**